968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lauro FLORES, Defendant/Appellant.
 No. 91-2170.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1992.
 
 1
 Before McKAY, Chief Judge, MOORE, Circuit Judge, and EISELE*, Senior District Judge.
 
 
 2
 EISELE, Senior District Judge.
 
 
 3
 By this appeal appellant challenges the lower court's decision overruling his motion to suppress the fruits of the search of his vehicle at a Border Patrol checkpoint off Interstate 10 in Dona Ana County, New Mexico, to-wit, some 72 pounds of marijuana, which was found hidden in the rear quarter panels of the backseat area and beneath the rear floor board of appellant's car. The hidden marijuana was wrapped in some ten layers of plastic and then bound by duct tape.
 
 
 4
 Appellant contends that the District Court was clearly erroneous in (1) finding and concluding that there was probable cause to search the vehicle, and (2) concluding that the appellant voluntarily consented to the search of his vehicle. After carefully reviewing the entire transcript of the suppression hearing, we affirm.
 
 
 5
 On November 11, 1990, appellant entered the checkpoint in his 1984 Ford Thunderbird at around noon. The defendant-appellant was driving and his door window was open. Border Patrol Agent Watkins leaned down to ask him his citizenship at which time he smelled what he believed to be marijuana. The appellant, Mr. Flores produced an I-551 resident alien card. He was then directed to a secondary near-by inspection location.
 
 
 6
 Mr. Watkins had smelled marijuana numerous times during his two and a half years as a border patrol agent. He was also a "canine handler" of a dog named Rudy who was trained to alert to certain drugs including marijuana. Rudy was at the border station on the day in question.
 
 
 7
 Agent Watkins asked Mr. Flores if he could look in the trunk of his car. He recalls that Mr. Flores agreed and handed him the keys. (Mr. Flores believes he released the trunk lid from a control inside the car.) The inspection of the trunk yielded nothing. Another agent, Mr. Bonner, asked Mr. Flores if they could run the dog around his vehicle, to which he replied, "yes" (Mr. Flores testified that the officer told him to get out of the vehicle and asked him if he would "let the dog inside to smell and I said 'yes'.") Tr. p. 65. Then agent Watkins went to the vehicle where Rudy was kept and brought the dog to Mr. Flores' vehicle. When he was somewhere between 10 and 15 feet from the vehicle he gave the "search command." Thereupon Rudy ran up to the car and jumped in through the window on the driver's side and then went to the back seat where he "alerted" to the back quarter panel. A subsequent search, requiring the removal of panels, revealed the marijuana.
 
 
 8
 The appellant testified at the suppression hearing and also produced an expert chemist, one Dr. Woodford, in an attempt to prove that Agent Watkins could not have smelled the marijuana because of the manner in which it was wrapped and stored. Dr. Woodford stated, "Well, my opinion is that it is very unlikely that he smelled marijuana from those packages." Furthermore, appellant made a serious effort to impeach Mr. Watkins' testimony by having Dr. Woodford approach Agent Watkins while "reeking with Marijuana." Dr. Woodford testified that Agent Watkins, "had no reaction at all" even though he rode in an elevator with him, "that stunk of marijuana all of the way up and down...."
 
 
 9
 The trial judge[1] was satisfied that the government sustained its burden of proving the lawfulness of the search. His findings are brief and to the point:
 
 
 10
 That the Defendant entered the primary inspection area of the United States Border Patrol Checkpoint on Interstate 10, west of Las Cruces, at approximately 11:50 a.m. on November 11, 1990.
 
 
 11
 When he entered the primary inspection area, Border Patrol Agent Watkins bent over to ask the Defendant his citizenship. At that time, only the driver's window on the vehicle was open.
 
 
 12
 At that point, Agent Watkins immediately smelled the odor, an odor that he thought was an odor of marijuana. In the experience of Agent Watkins as a border patrol agent, he had smelled marijuana odor many times previously when he had encountered marijuana packaged in a manner similar to that which was found in the Defendant's car.
 
 
 13
 At that point, Agent Watkins asked the Defendant to drive his vehicle a short distance to the left into the secondary inspection area.
 
 
 14
 The time that elapsed between the entry into the primary inspection area and referral into the secondary inspection area was approximately 30 seconds.
 
 
 15
 Based on those findings, I conclude, as a matter of law, that Watkins had probable cause to conduct a warrantless search of the vehicle based on detecting the odor of marijuana emanating from the Defendant's vehicle.
 
 
 16
 Second, based on the testimony presented, I conclude that the Defendant voluntarily consented both to a search of the trunk of his vehicle as well as to a dog sniff of the interior of the vehicle which led to a discovery of 40 bundles of marijuana in the rear seat area of Defendant's vehicle.
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 My factual finding was that immediately upon bending over, before receiving the Defendant's resident alien card, in response to a question about citizenship, the agent detected an odor that he believed to be the odor of marijuana.
 
 
 20
 At that point, he had probable cause to conduct the warrantless search of the vehicle and probable cause to refer the vehicle to the secondary inspection area for that purpose.
 
 
 21
 (Tr. 92-94).
 
 
 22
 Appellant argues that the government failed to prove that Agent Watkins had the ability to smell the marijuana. But we are not dealing here with some irrefutable natural law which might make some postulated factual scenario impossible. Rather we are dealing with the effect the trier of fact may give to the testimony of an expert witness who states the opinion that it is "unlikely" that the officer could have smelled the marijuana. It boils down to a question of credibility. Furthermore, if the Court found that the Agent honestly believed he smelled marijuana it could sustain the government even though it had doubts, under all of the facts and circumstances, about the presence of the marijuana odor in the forward part of the vehicle.
 
 
 23
 It is clear that there is a strong evidentiary basis for the lower court's findings and conclusions. Certainly it cannot be said that its findings were clearly erroneous. Its decision denying appellant's motion to suppress is therefore affirmed.
 
 
 
 *
 Honorable G. Thomas Eisele, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Honorable James A. Parker presiding